UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC RICHARD ELESON,

Plaintiff,

v.

JOE A. LIZARRAGA,

Defendant.

No.  2:15-cv-0216-GEB-EFB P

ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a motion for summary judgment, and a motion for service of the summons and complaint.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3   relief." *Id.* § 1915A(b).

4         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11  U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16  678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24  **III.    Screening Order**

25        Pursuant to § 1915A, the court has reviewed plaintiff's complaint (ECF No. 1) and finds

26  that it must be dismissed with leave to amend because it does not comply with Rule 8.[1]  Plaintiff's

27  

---

28  [1] Plaintiff's motions for summary judgment and service of the complaint must therefore be denied as premature.

2

complaint purports to "incorporate" by reference all filings and defendants in an entirely separate lawsuit.  *See* ECF No. 1.  Plaintiff may not proceed in this fashion.  Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner.  Plaintiff has not done so in his complaint.  He must therefore file an amended complaint that complies with the pleading requirements set forth in Rule 8.

If plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended complaint that is complete within itself.  That is, any amended complaint may not "incorporate" by reference any other documents.  Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant.  It must also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* E.D. Cal. L.R. 110.

1    In addition, the court notes that the following legal standards may apply to plaintiff's

2    intended claims for relief.

3    To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

4    constitutional or statutory right; and (2) that the violation was committed by a person acting under

5    the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

6    930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

7    facts establish the defendant's personal involvement in the constitutional deprivation or a causal

8    connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

9    *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

10   (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

11   for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

12   (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.

13   Prisoners have a First Amendment right to send and receive mail.  *See Witherow v. Paff*,

14   52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, an isolated incident of mail interference

15   or tampering is usually insufficient to establish a constitutional violation.  *Davis v. Goord*, 320

16   F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999)

17   (temporary delay or isolated incident of delay of mail does not violate a prisoner's First

18   Amendment rights); *Witherow*, 52 F.3d at 266 (9th Cir 1995) (First Amendment not violated

19   where prison's mail regulation related to a legitimate penological interest).

20   There are no constitutional requirements regarding how a grievance system is operated.

21   *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of

22   a liberty interest in the processing of his appeals does not violate due process because prisoners

23   lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff

24   may not impose liability on defendants simply because they played a role in processing plaintiff's

25   inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative

26   "grievance procedure is a procedural right only, it does not confer any substantive right upon the

27   inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural

28   protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any

4

of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

**IV.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's request to proceed in forma pauperis (ECF No. 3) is granted.

2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.   The complaint is dismissed with leave to amend within 30 days.  The complaint must bear the docket number assigned to this case and be titled "Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4.   Plaintiff's motions for summary judgment and service of the complaint (ECF Nos. 9, 10) are denied as premature.

Dated:  January 6, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE